IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LORI BARTON, pro se,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 13-0642-CG-C** |
| ) | |
| **PATRICK R. DONAHUE, ERIC** ) | |
| **HOLDER, LEANDER HARRIS**, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' motion for summary judgment (Doc. 31), Plaintiff's opposition (Doc. 33), Defendants' reply (Doc. 34), and Plaintiff's sur-reply (Doc. 35).  For the reasons explained below, the court finds that Defendants' motion is due to be **GRANTED**.

## FACTS

Plaintiff filed this action *pro se* on December 27, 2013, alleging that she was sexually harassed by her manager, Defendant Leander Harris, while she was employed as a letter carrier for the United States Postal Service ("the Agency"). (Docs. 1, 4).  The Amended Complaint asserts that the sexual harassment started in 2007 and eventually led to her latest EEOC matter which is based on Plaintiff being "put off the clock" on December 9, 2011, while an investigation was conducted concerning mail delivered to a complex on Plaintiff's route. (Doc. 4, pp. 2-4). Plaintiff had been delivering mail to a housing project that had been closed for more than two months, in violation of Postal regulations. (Doc. 31-5, ¶¶ 3-9).   On

December 9, 2011, Plaintiff's supervisor discovered that Plaintiff had been delivering the mail to the closed housing project and Plaintiff was placed on off-duty status without pay at the close of business that day. (Doc. 31-5, p. 22).

Plaintiff initiated contact with the EEOC about her claim in March 2012 and filed a formal complaint on May 19, 2012. (Doc. 4, p. 9, Doc. 31-3, p. 70). On the complaint form the Plaintiff checked boxes for discrimination on the basis of sex and retaliation. (Doc. 33-3, p. 70). In the EEOC complaint she described the specific actions that resulted in her believing she was discriminated against as follows:

> MGMT. GAVE FALSE STATEMENTS. THE ATTACKS ON ME ARE
> BECAUSE OF OTHER EEO'S FILED PREVIOUSLY ON LEANDER
> HARRIS. THESE ATTACKS ARE ON-GOING.

(Doc. 33-3, p. 70). By letter dated June 8, 2012, the EEOC acknowledged receipt of Plaintiff's formal complaint and stated that the investigation would include only the issue of discrimination based on retaliation. (Doc. 33-3, pp. 70-74). The letter also stated that if she did not agree with the defined accepted issues, she must provide a written response specifying the nature of her disagreement within seven calendar days of receipt of the letter. (Doc. 33-3, p. 72-74). The Administrative Law Judge found that Plaintiff did not establish a *prima facie* case of reprisal discrimination and that the Agency had articulated legitimate nondiscriminatory reasons for its actions which Plaintiff failed to show were a pretext. (Doc. 4, pp. 9-10). Plaintiff appealed the decision and the EEOC affirmed the decision. (Doc. 4. pp. 9-14). The

2

Plaintiff attached a copy of the EEOC's decision to her original and amended complaint in this matter. (Docs. 1, 4).  The EEOC noted in its decision that on appeal Plaintiff had attempted to raise a claim of sexual harassment, but that it was inappropriate for her to raise the claim for the first time on appeal. (Doc. 4, p. 13).[1]

At her deposition, Plaintiff testified that the last incident of sexual harassment was in 2008. (Doc. 31-1, p. 5).  Plaintiff appears to be confused about her claims, as she apparently believes she has been subjected to other harassment "stemming from sexual harassment." (See Doc. 31-1, p. 5 : "That's not sexual harassment. That's harassment stemming from sexual harassment. Because like I said, if I had had sex with him, I probably wouldn't have had no other problem." – The full context of these statements was not provided to the court.).

Plaintiff  initiated numerous other EEOC claims in the past.  Since the alleged sexual harassment started in 2007, Plaintiff has initiated a total of five EEOC complaints: the complaint described above and four prior complaints.[2]  The first complaint, dated July 1, 2009, alleged sexual harassment and reprisal. (Doc.

_____

[1] The EEOC's decision also informed Plaintiff that she could file a civil action within ninety calendar days from receiving the decision. (Doc. 4, p. 14).  Plaintiff states in her Amended Complaint that she received the notice of right to sue on September 29, 2013. (Doc. 4., p. 7).  Plaintiff filed the current action 90 days later, on December 27, 2013. (Doc. 1).
[2] Plaintiff initiated four EEOC actions, from 1998 through 2006, which asserted claims of discrimination on the basis of race, sex and disability.

31-3, pp. 18-21).  The 2009 complaint was not resolved and Plaintiff was informed of her right to file a formal complaint, but Plaintiff took no further action. (Doc. 33-3, p. 20).  The second complaint, dated October 25, 2010, alleged disability and sexual harassment. (Doc. 31-3, pp. 27-33).  The 2010 matter was settled by the parties. (Doc. 33-3, pp. 31-33).  The third complaint, dated September 30, 2011, alleged sexual harassment and reprisal. (Doc. 31-3, pp. 34- 39).  The September 30, 2011, complaint was not settled and Plaintiff filed a formal complaint with the Agency which was later dismissed by the Agency. (Doc. 31-3, pp. 36-37).  Plaintiff appealed the dismissal and the decision was affirmed by the EEOC. (Doc. 33-3, p. 37).  The fourth complaint, dated December 21, 2011, alleged reprisal only. (Doc. 33-3, pp. 22-26).  The December 21, 2011, complaint was withdrawn by Plaintiff. (Doc. 33-3, p. 26).

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be

'sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting

Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." Anderson, at 249-250.

(internal citations omitted).

The basic issue before the court on a motion for summary judgment is

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."

See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving

that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d

1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the

court must view all evidence in the light most favorable to the non-moving party,

and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle

Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).   "If reasonable minds could differ on

the inferences arising from undisputed facts, then a court should deny summary

judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th

Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838,

841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-

moving party "must make a sufficient showing to establish the existence of

each essential element to that party's case, and on which that party will bear

the burden of proof at trial." <u>Howard v. BP Oil Company</u>, 32 F.3d 520, 524

(11th Cir. 1994)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)).

Otherwise stated, the non-movant must "demonstrate that there is indeed a

material issue of fact that precludes summary judgment." <u>See</u> <u>Clark v. Coats</u>

<u>& Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party

"may not rely merely on allegations or denials in its own pleading; rather, its

response .... must be by affidavits or as otherwise provided in this rule be set

out specific facts showing a genuine issue for trial." <u>Vega v. Invsco Group,</u>

<u>Ltd.</u>, 2011 WL 2533755, *2 (11th Cir. 2011).  "A mere 'scintilla' of evidence

supporting the [non-moving] party's position will not suffice; there must be

enough of a showing that the jury could reasonably find for that party."

<u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

"[T]he nonmoving party may avail itself of all facts and justifiable inferences

in the record taken as a whole." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d

994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475

U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Plaintiff's Claims**

The claims asserted by Plaintiff in her Amended Complaint are not

clear.  The court notes that Plaintiff is proceeding *pro se* and this court will

attempt to give her Complaint a very lenient reading.

> Courts do and should show a leniency to *pro se* litigants not
> enjoyed by those with the benefit of a legal education.   See, e.g.,
> Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).   Yet even
> in the case of *pro se* litigants this leniency does not give a court
> license to serve as *de facto* counsel for a party, see Hall v.
> Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991), or to rewrite an
> otherwise deficient pleading in order to sustain an action, see
> Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568
> (M.D.Fla.1995).

GJR Investments Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.

1998).   Plaintiff "is subject to the relevant law and rules of court, including the

Federal Rules of Civil Procedure," the same as any other litigant. Moon v. Newsome,

863 F.2d 835, 837 (11th Cir. 1989).   The court concludes from reading Plaintiff's

Amended Complaint and other filings that she may be attempting to assert claims of

discrimination based on: 1) sexual harassment, 2) disability, and 3) retaliation.

**1. Sexual Harassment**

Defendants assert that Plaintiff's sexual harassment claims are time barred

because she admits that the most recent alleged incident of sexual harassment

occurred in 2008.  To timely exhaust administrative remedies, federal-sector

employees must initiate contact with an EEOC Counselor prior to filing a complaint

and must do so within 45 days of the date the alleged discriminatory act occurred. 29

C.F.R. § 1614.105(a)(1).  The complainant must then file a formal complaint of

discrimination with the agency so that the agency can conduct an investigation and

attempt to resolve the matter. 29 C.F.R. §§ 1614.106, 1614.108.  Plaintiff testified that

the most recent sexual harassment incident occurred in 2008, more than three years

before she initiated contact with an EEOC counselor, in March 2012.  To the extent

Plaintiff is attempting to assert claims based on conduct that occurred in 2008 or

before, those claims are clearly time-barred.  However, the court notes that the

Plaintiff appears to be confused about what constitutes sexual harassment.  She

stated in her deposition that other actions were not sexual harassment, but instead

"harassment stemming from sexual harassment."  If Plaintiff's rejection of her

manager's advances was the basis for later employment decisions regarding Plaintiff,

then such actions could constitute sexual harassment.[3]  Although Plaintiff is

experienced in asserting EEOC complaints, she is not an attorney, has not been

represented by or counseled by an attorney, and may not fully understand the legal

definition of sexual harassment.   As such, the court will not accept Plaintiff's legal

---

[3] The EEOC defines "sexual harassment" as:

> Unwelcome sexual advances, requests for sexual favors, and other verbal
> or physical conduct of a sexual nature constitute sexual harassment when
> (1) submission to such conduct is made either explicitly or implicitly a term
> or condition of an individual's employment, (2) submission to or rejection of
> such conduct by an individual is used as the basis for employment
> decisions affecting such individual, or (3) such conduct has the purpose or
> effect of unreasonably interfering with an individual's work performance or
> creating an intimidating, hostile, or offensive working environment.

29 CFR § 1604.11(a).  The above EEOC guidelines, "while not controlling upon the
courts by reason of their authority, do constitute a body of experience and informed
judgment to which courts and litigants may properly resort for guidance." General
Electric Co. v. Gilbert, 429 U.S. 125, 141–142, 97 S.Ct. 401, 410–11, 50 L.Ed.2d 343
(1976) (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89
L.Ed.124 (1944)).

conclusion by itself as a factual admission that she was not subjected to sexual harassment after 2008.  Thus, the court finds that Plaintiff's testimony does not necessarily demonstrate that all sexual harassment occurred in 2008 or before.

Defendants also assert that to the extent the Agency's December 9, 2011, action of putting Plaintiff off the clock could constitute sexual harassment, Plaintiff failed to exhaust her remedies because she did not properly raise a sexual harassment claim in her administrative proceeding.  Prior to filing a Title VII action, "a plaintiff first must file a charge of discrimination with the EEOC." Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004).  "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec. Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994).  "In other words, judicial claims are allowed if they amplify, clarify or more clearly focus the allegations in the EEOC complaint, while allegations of new acts of discrimination are inappropriate." Russell v. City of Mobile, 2013 WL 1567372, *2 (S.D. Ala. April 12, 2013) (internal quotations omitted).  "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory, 1277 F.3d at 1279 (citations and internal quotations omitted).

In the instant case, the Plaintiff checked boxes in her form complaint indicating that she suffered discrimination on the basis of both sex and retaliation, but then described the basis of her complaint as attacks against her because she had previously filed EEOC complaints.  There were no factual allegations in Plaintiff's formal EEOC complaint that would support a claim for sex discrimination.  Plaintiff was also notified that the only basis her discrimination complaint was being investigated for was retaliation.  Plaintiff was given time to object to the scope of the investigation, but did not do so.  Although Plaintiff attempted to raise a claim for sexual harassment during the appeal process of her complaint, as the Administrative Law Judge correctly determined, Plaintiff cannot raise a new claim for the first time on appeal and she has now waived that claim. See Marathon Oil Co. v. U.S., 807 F.2d 759, 767 -768 (9th Cir. 1986) ("As a general rule, we will not consider issues not presented before an administrative proceeding at the appropriate time." citation omitted); Bechtold v. Massanari, 152 F.Supp.2d 1340, 1346–47 (M.D. Fla. 2001) (social security case finding that failure to raise issue before ALJ results in waiver of the issue before the district court).  The court notes that Plaintiff is experienced in making EEOC claims and has asserted sexual harassment claims in the past.  Any claim she has arising from these prior claims is time-barred for the reasons discussed above.[4]  Plaintiff has not

---

[4] Any conduct that occurred more that 45 days before Plaintiff initiated contact with an EEOC Counselor in March 2012 cannot be the basis of a claim here. 29 C.F.R. §

exhausted her remedies as to her non-time-barred claims and thus, the court finds that plaintiff has failed to assert a viable claim of sexual harassment.  Accordingly, summary judgment is due to be granted in favor of Defendants on Plaintiff's sexual harassment claim.

### 2. Disability

Plaintiff's Amended Complaint lists mental disability and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117, as a basis for her claim. (Doc. 4, p. 6). However, Plaintiff has not supported such a claim with any factual allegations and did not include the claim in her most recent EEOC complaint.   Thus, the court finds Plaintiff has not stated a viable ADA claim and has failed to exhaust her administrative remedies as to any ADA claim she might have.

### 3. Retaliation

The Amended Complaint does not appear to assert a retaliation claim, but the court notes that retaliation was the basis for her most recent EEOC proceeding and that Plaintiff attached a copy of the EEOC's decision in that proceeding to her Complaint and Amended Complaint.  To the extent Plaintiff is attempting to assert a claim of retaliation, the claim would not be barred as to conduct she complains of that occurred within 45 days of her initial contact with the EEOC.  To make out a *prima facie* case of retaliation, Plaintiff "must establish that (1) she engaged in statutorily

---

1614.105(a)(1).

protected activity, (2) she suffered a materially adverse action, and (3) there exists a causal link between the two." Smith v. City of Fort Pierce, Fla., 565 Fed.Appx. 774, 776-777 (11th Cir. 2014) (citations omitted).   "If a plaintiff establishes a prima facie case, the burden shifts to the employer to proffer a legitimate, non-retaliatory reason for the adverse employment action." Id. at 777 (citation omitted).  "If an employer provides a legitimate non-discriminatory reason, the burden shifts to the plaintiff to show that the employer's given reason is a pretext designed to mask retaliation." Id. A plaintiff shows pretext by "demonstrat[ing] that the proffered reason was not the true reason for the employment decision[,]" and by "introduc[ing] significantly probative evidence . . . that the asserted reason is merely pretext for discrimination." Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1163 (11th Cir. 2006) (internal quotation marks and citation omitted).  An employer's reason is not pretext for discrimination "unless it is shown *both* that the reason was false, and that discrimination was the real reason." Id. at 1163 (emphasis in original) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)).  As part of the pretext inquiry, the court "must evaluate whether the Plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could find them unworthy of credence." Jackson v. State of Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (internal quotation marks and citations omitted).

A plaintiff is not allowed to recast an employer's proffered
nondiscriminatory reasons or substitute his business judgment for that of
the employer.  Provided that the proffered reason is one that might
motivate a reasonable employer, an employee must meet that reason head
on and rebut it, and the employee cannot succeed by simply quarreling
with the wisdom of that reason.

Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000).

Defendants assert that Plaintiff has not shown a *prima facie* case because she
has not provided any facts to support a causal link between her prior EEOC
complaints and the discipline she received.  Even if Plaintiff could show a *prima facie*
case, she has offered nothing to show that Defendants' proffered reasons for taking her
off-duty was merely pretext.  Defendants contend that Plaintiff was placed on off-duty
status because it was discovered that she had been delivering mail to a housing
project that had been closed for more than two months, in violation of Postal
regulations.  Though Plaintiff filed a response and a sur-reply to Defendants' motion
for summary judgment, she has not contested Defendants' version of the facts with
any facts of her own.  Defendants have offered a legitimate, non-retaliatory reason for
the action and Plaintiff has offered no facts to demonstrate any weaknesses,
implausibilities, inconsistencies, incoherencies, or contradictions in the employer's
proffered reasons.  In her response to Defendants' motion, Plaintiff points to the fact

13

that in the declaration of Frank Carstarphen submitted by Defendants, the Edit Book[5] of October 16 2011 was cited to and attached rather than the updated Edit Book from December 2011. (Doc. 33, p. 2).  However, the October 2011 Edit Book was in effect for the months of October, November and early December 2011, when the housing project in question had closed and Plaintiff allegedly continued to deliver mail to the closed housing project and failed to update the Edit Book.  Thus, Defendants submitted the appropriate document to show the status of the Edit Book at the time relevant to this case.  In Plaintiff's sur-reply, she is adamant that the Defendants and their counsel are deceptive and gave false statements, but in support of her contention Plaintiff only offers a news article that reports of other postal workers who claim they were sexually assaulted and retaliated against by their manager in Albany, New York. (Doc. 35, pp. 4-8).  The news article does not mention any of the parties in this case.  Plaintiff has offered nothing to show that what allegedly occurred in Albany, New York to other individuals has anything to do with Plaintiff's claims here.  Nothing in the article

---

[5] Mr. Carstarphen explained in his affidavit that:

> An Edit Book contains a list of every address assigned to the carrier's route and which is in the carrier's line of travel.  The carrier is required to keep this book updated with current information so that vacancies and inactive addresses are properly updated in the Address Management System. When the Edit Book is updated, mail for those vacant and inactive addresses are taken out of the carrier's route, thus making delivery to those addresses unnecessary.

(Doc. 31-6, ¶ 11).

demonstrates that the legitimate non-discriminatory reason proffered by the Defendants in this case should not be believed.  Thus, the court finds that summary judgment is due to be granted in favor of Defendants to the extent Plaintiff has asserted a claim of retaliation.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Doc. 31), is **GRANTED**.

**DONE and ORDERED** this 6th day of February, 2015.


/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

15